Bharati Sharma Patel, Esq.
THE WOLF LAW FIRM, LLC
1520 U.S. Highway 130 – Suite 101
North Brunswick, NJ  08902
Telephone- (732) 545-7900
Facsimile- (732) 545-1030
bpatel@wolflawfirm.net

*Attorneys for Plaintiff and those similarly situated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

DAVID MCMILLIN,
on behalf of himself and those similarly
situated,

               Plaintiff(s),

               v.

THE TRAF GROUP, INC. D/B/A A-1
COLLECTION SERVICE; and JOHN DOES
1-10,

               Defendants.

---

CIVIL ACTION NO.

_____

## CLASS ACTION COMPLAINT
## AND JURY DEMAND

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Defendant The Traf Group, Inc. d/b/a A-1 Collection Service for damages and other relief arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter the "FDCPA").

2.      As described more fully below, Defendant violated the FDCPA by sending collection letters to Plaintiff and other consumers, by demanding amounts not actually owed, demanding collection fees in amounts not authorized by agreements, and by communicating incorrect information regarding the debt to credit reporting agencies.

## PARTIES

3.      Plaintiff David McMillin is a natural person currently residing in West Windsor, Mercer County, New Jersey.

4.      Defendant The Traf Group, Inc. d/b/a A-1 Collection Service (hereinafter "The Traf Group" or "A-1 Collection") is a collection agency with an office located at 2297 Highway 33, Suite 906, Hamilton Square, NJ 08690.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. §1692 *et seq.* and 28 U.S.C. § 1331.

6.      Venue in this action properly lies in District Court of New Jersey as Defendant regularly conducts business in this district.

## FACTUAL ALLEGATIONS

7.      At all times relevant, Defendant regularly attempted to collect debts alleged to be owed to another.

8.      At all times relevant, Defendant regularly collected debts owed or alleged to be owed to another.

9.      At all times relevant, Defendant regularly attempted to collect debts alleged to be owed to another which were incurred primarily for personal, family or household purposes.

10.     At all times relevant, Defendant regularly collected debts owed or alleged to be owed to another which were incurred primarily for personal, family or household purposes.

11.     At all times relevant, Defendant used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts owed or alleged to be owed another.

12.     At all times relevant, Defendant used the mail, telephone or other instruments of interstate commerce in its attempts to collect debts incurred primarily for personal, family or household purposes owed or alleged to be owed another.

13.    At all times relevant, the principal business engaged in by Defendant was the collection of debts which were incurred primarily for personal, family or household purposes.

14.    The debt alleged to be owed by Plaintiff was allegedly incurred primarily for personal, family or household purposes.

15.    On or around April 6, 2015, Plaintiff entered into a contract with K&S Music Inc. (hereinafter "K&S Music") for the rent-to-own of an Alto Saxophone.

16.    The contract Plaintiff entered into with K&S Music is a "Retail Installment Contract" subject to the Retail Installment Sales Act ("RISA"), N.J.S.A. 17:16C-1, *et seq*.

17.    Plaintiff is a retail buyer as defined by RISA at N.J.S.A. 17:16C-1(d).

18.    Defendant is a retail seller as defined by RISA at N.J.S.A. 17:16C-1(c).

19.    Plaintiff missed one monthly payment on his contract as a result of having to attend to a family medical crisis.  Plaintiff, however, made up the missed payment the following month but failed to pay the $8.50 late fee.

20.    In early January 2017, Plaintiff made a payment to K&S Music which was received by K&S Music on January 6, 2017.

21.    Plaintiff received a letter dated January 12, 2017 purportedly from K&S Music identifying a past due balance of $136.27 and advising that if payment is not received, Plaintiff's account will be placed in collections with Credit America.  *See Exhibit A.*

22.    At the time Plaintiff received the January 12, 2017 letter, Plaintiff did not owe K&S Music $136.27.

23.    The Traf Group d/b/a Credit America then sent Plaintiff a letter dated January 26, 2017, stating that K&S Music has placed Plaintiff's account with Credit America for collection, and that the balance due was $144.77, without indicating why the balance increased from $136.27. *See Exhibit B.*

24.     Although Plaintiff continued to make his monthly payments, K&S continued to charge Plaintiff the pyramiding of late fees – *i.e,* late fee on late fee.

25.     The TRAF Group d/b/a A-1 Collection Service subsequently mailed Plaintiff an initial collection letter dated March 21, 2017, stating that K&S Music has placed Plaintiff's account with A-1 Collection Service for collection, and that the amount due was "$984.88 + INT $.00 + Col FEE $295.46 = $1,280.34".  *See Exhibit C.*

26.     At the time that A-1 Collection Service mailed Plaintiff the March 21, 2017 letter, Plaintiff did not owe K&S Music $984.88.

27.     Further, because the contract entered into between Plaintiff and K&S Music was a RISC governed by RISA, A-1 Collection Service was not permitted to seek collection fees pursuant to N.J.S.A. 17:16C-50.

28.     On or about March 28, 2017, Plaintiff sent The Traf Group, Inc. d/b/a Credit America a certified letter, disputing the charge referred to in Credit America's communication, requesting that Credit America cease all further communication with him, requesting a verification of the purported debt, and requesting the name and address of the original creditor, if different from the current creditor.

29.     Credit America subsequently mailed Plaintiff an undated letter enclosing a portion of Plaintiff's Instrument Rental/Purchase Agreement with K&S Music, but failed to include a verification of the alleged debt owed by Plaintiff.  *See Exhibit D.*

30.     A-1 Collection Service subsequently mailed Plaintiff letters dated April 24, 2017 and May 9, 2017, seeking to collect "$984.88 + INT $.00 + Col FEE $295.46 = $1,280.34".  *See Exhibit E.*

31.     At the time that A-1 Collection Service mailed Plaintiff the April 24, 2017 and May 9, 2017 letters, Plaintiff did not owe K&S Music $984.88.

32.     At the time that A-1 Collection Service mailed Plaintiff the April 24, 2017 and May 9, 2017 letters, A-1 Collection Service was not permitted to seek $295.46 in collection fees.

33.     During the period beginning one year before this action was originally filed to the present, Defendant sent letters to numerous other consumers in an attempt to collect a debt incurred primarily for personal, family, or household purposes seeking to collect debts allegedly owed by another that included a demand for an amount that was not owed at the time Defendant's letters were sent.

34.     During the period beginning one-year before this action was originally filed to the present, Defendant sent letters to numerous other consumers in an attempt to collect a debt incurred primarily for personal, family, or household purposes seeking to collect debts allegedly owed by another that included a demand for collection fees for an amount that was not authorized by the agreements with K&S at the time Defendant's letters were sent.

35.     In an attempt to collect the debt, Defendant began reporting Plaintiff's alleged debt to the Experian and TransUnion consumer reporting agencies for the purpose of having the negative credit information appear on Plaintiff's credit reports.

36.     In March 2017, Defendant reported to Experian and TransUnion that the alleged current balance on the collection account was $1,280.

37.     The credit information communicated by Defendant to Experian and to TransUnion was false.

38.     Credit reporting by a debt collector constitutes an attempt to collect a debt.

39.     Defendant had no statutory or contractual right to collect any additional amounts on the debt.

40.     Defendant attempted to collect an amount not permitted by law when it attempted to collect additional amounts of collection fees from Plaintiff, in violation of the FDCPA.

## CLASS ACTION ALLEGATIONS

41.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 4:32 of the New Jersey Court Rules.  Plaintiff brings this action on behalf of himself and others similarly situated.  The Class is initially defined as follows:

> All natural persons with a New Jersey address to whom, at any time on or after the day one year prior to the date this Complaint is filed sent a collection letter to an address in New Jersey in an attempt to collect a debt allegedly owed to another that included a demand for payment (a) of a principal amount different than the amount actually owed; (b) of collection fees that were not owed; and/or (c) communicating inaccurate credit information regarding the alleged debt to any consumer reporting agency.

42.     The Classes for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

43.     There are questions of law and/or fact common to the members of the Classes that predominate over questions affecting only individuals. These common questions include but are not limited to:

> a.  Whether Defendant is a debt collector as defined by the FDCPA at 15 U.S.C. §1692a(6);
>
> b.  Whether Plaintiff and the members of the proposed class are "consumers" as defined by the FDCPA at 15 U.S.C. §1692(a)(3);
>
> c.  Whether Defendant attempted to collect debts allegedly owed to K&S Music or others from Plaintiff and those similarly situated;
>
> d.  Whether Defendant misrepresented the character, amount or legal status of the debts allegedly owed by Plaintiff and those similarly

    situated by demanding an amount that was not owed to K&S Music or others;

e.   Whether Defendant used unfair or unconscionable means to collect or attempt to collect a demand for collection fees in an amount that that was not authorized;

f.   Whether Defendant communicated inflated and/or false account balances to consumer reporting agencies;

g.   Whether the above-referenced conduct by Defendant violated the FDCPA at 15 U.S.C. 1692c(c), 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1); and

h.   What is the proper measure and appropriate statutory formula to be applied in determining the damages owed by Defendant to Plaintiff and the Classes.

44.   Plaintiff's claims are typical of the claims of the members of the Class which he seeks to represent because all such claims arise out of the same policies, practices and/or conduct, and the same or similar documents used by Defendant in its dealings with Plaintiff.

45.   Plaintiff has no interests antagonistic to those of the Class.

46.   The Class, of which Plaintiff is a member, is readily identifiable.

47.   Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation.

48.   Plaintiff's attorneys have significant experience and expertise in litigating consumer class actions, including, but not limited to, actions brought under the FDCPA.

49.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. While the economic damages suffered by the individual members of the Class are significant, the amount is modest compared to the expense and burden of individual litigation.

50.   The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members.

51.   The prosecution of separate actions by individual members of the Classes would

run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action, or the prosecution of separate actions by individual members of the Classes would create the risk that adjudications with respect to individual members of the Classes would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

52.    Defendant has acted, or refused to act, on grounds generally applicable to Plaintiff and all Class members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

53.    A class action will cause an orderly and expeditious administration of the claims of the Classes, and will foster economies of time, effort and expense.

54.    Plaintiff does not anticipate any difficulty in the management of this litigation.

## CLASS ACTION CLAIMS

### FIRST COUNT
**(Violations of the Fair Debt Collection Practices Act**

55.    Plaintiff, on behalf of himself and others similarly situated, re-asserts and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth at length here.

56.    Plaintiff and others similarly situated are "consumers" as defined at 15 U.S.C. §1692a(3).

57.    The debts which Plaintiff and others similarly situated were allegedly obligated to pay are "debts" as defined at 15 U.S.C. §1692a(5), and are therefore subject to the provisions and requirements of the FDCPA.

58.    Defendant is a "debt collector" as defined at 15 U.S.C. §1692a(6).

59.    Defendant has violated 15 U.S.C. §1692, *et seq.* of the FDCPA in connection with

its collection attempts against Plaintiff and others similarly situated.

60.    Defendant's March 21, 2017, April 24, 2017 and May 9, 2017 letters are "communications" as defined by 15 U.S.C. § 1692a(2).

61.    The letters, which are the same or similar in form to Exhibits A, B and D, sent by Defendant to other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

62.    Defendant's March 21, 2017, April 24, 2017 and May 9, 2017 letters and the letters that are the same and similar in form to those letters were sent by Defendant to Plaintiff and those similarly situated in an attempt to collect the alleged debts.

63.    Defendant's sending of collection letters to Plaintiff and those similarly situated that included a demand for collection fees that were not owed at the time the collection letters were sent, Defendant violated the FDCPA as follows:

a.    15 U.S.C. §1692e and §1692e(10), by using a false, deceptive or misleading representation in its efforts to collect alleged debts from Plaintiff and others similarly situated;

b.    15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any alleged debts owed by Plaintiff and others similarly situated;

c.    15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;

d.    15 U.S.C. §1692f and §1692f(1) by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff and others similarly situated, and the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) which was not expressly authorized by the agreement creating the debt or permitted by law; and

e.    15 U.S.C. §1692c(c) by continuing to communicate with consumers after consumers requested communications to cease.

64.    Further, by communicating inflated and/or false account balances to consumer reporting agencies and by communicating credit information which is known or which should be known to be false, Defendant violated 15 U.S.C. §1692e, §1692e(2)(A), §1692e(5), §1692e(8),

and §1692e(10).

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against the Defendant as follows:

    a.    An order certifying this matter as a class action, appointing Plaintiff as class representative and his attorneys as class counsel;

    b.    An injunction prohibiting Defendant from engaging in the activities complained of herein that violate the FDCPA;

    c.    Maximum statutory damages under the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2);

    d.    Reasonable attorney's fees and costs of suit in connection with this action, pursuant to 15 U.S.C. §1692 k(a)(3);

    e.    Pre-judgment and/or post-judgment interest; and

    f.    Such other and further relief as Plaintiff and others similarly situated may be entitled or as the Court deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## CERTIFICATION

Pursuant to Local Rule 11.2, the matter in controversy is also the subject of *McMillin v. The Traf Group, Inc. d/b/a Credit America,* which was filed on January 11, 2018 in the Superior Court of New Jersey, Mercer County, Docket No. MER-L-000092-18 and was removed by Defendant to this Court on January 7, 2018, Civil Action No. 3:18-cv-01734; and *McMillin v. K&S Music*, which will be filed shortly.

THE WOLF LAW FIRM, LLC

Dated: March 22, 2018

Bharati Sharma Patel
*Attorneys for Plaintiff*